IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAVON GREEN, on behalf of herself and others similarly situated,** | : : : | **CIVIL ACTION** |
| Plaintiff, | : : | |
| v. | : : | **NO. 24-6527** |
| **POST CONSUMER BRANDS, LLC and THE J.M. SMUCKER COMPANY** | : : : | |
| Defendants. | : : | |

# ORDER

**AND NOW,** this 3rd day of December, 2025, upon consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Other Related Relief ("Motion") (ECF No. 23), the accompanying "Class Action Settlement Agreement" ("Agreement") (ECF No. 23-1), the Declaration of Mark J. Gottesfeld (ECF No. 23-2) and all other papers and proceedings therein, it is hereby **ORDERED** that:

1. The Motion is **GRANTED IN PART**, and the settlement of this action asserting claims under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq., is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, the Court "will likely be able to" approve the settlement under the criteria described in Federal Rule of Civil Procedure ("Civil Rule") 23(e)(2) and certify the settlement class under Civil Rule 23(a) and (b)(3). See Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).[1]

---

[1] See *Hall v. Accolade, Inc.*, 2020 WL 1477688, 2020 U.S. Dist. LEXIS 52632 (E.D. Pa. March 25, 2020) (Pratter, J.) (applying Rule 23(e)(2) factors in analyzing preliminary approval of a settlement).

2.   The "Notice of Settlement" form ("Notice Form") attached to the Agreement as Exhibit A is **DISAPPROVED**.[2] Plaintiff shall revise Section 2 of the Notice Form ("What is alleged in the lawsuit?") to "contain sufficient information to enable class members to make informed decisions on whether they should take steps to protect their rights." *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 435 (3d Cir. 2016) (cleaned up). Plaintiff shall file a revised Notice Form within **seven days of this Order**, seeking this Court's approval. Such Notice must be "designed to summarize the litigation and the settlement and to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings filed in the litigation." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 327 (3d Cir. 1998).

3.   The notice protocols described in paragraph 7 of the Agreement are **APPROVED** pursuant to Civil Rule 23(c)(2)(B).

4.   Individuals who wish to exclude themselves from the settlement must follow the procedures described in paragraph 8 of the Agreement.

5.   Individuals who wish to object to the settlement must follow the procedures described in paragraph 9 of the Agreement.

6.   Winebrake & Santillo, LLC is appointed interim class counsel per Civil Rule 23(g)(3) and shall ensure that the notice process contemplated by the Agreement is followed.

---

[2] The Court has concerns with the level of detail contained in the section titled "What is alleged in the lawsuit?" *See* Notice Form, ECF No. 23-3 at 2. Based on the Court's current reading, class members may not understand what types of "work activities arising at the beginning and end of the workday" are involved in the lawsuit and will, therefore, not be able to understand what claims or causes of action may be "reasonably related to the claims raised" in this case or whether they should object to the settlement or opt out of the class. *See id.*

7.        Pursuant to Civil Rule 23(e)(2), a hearing addressing final approval of the settlement will be held on **March 12, 2026** at **10:00 a.m.** in **Courtroom 10B of the United States Courthouse, 10613 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106**. During this hearing, the Court will hear from any objectors or other class members who wish to address the Court and will hear argument from class counsel regarding, inter alia, the following issues: whether the settlement is fair and reasonable and warrants final approval under Civil Rule 23(e)(2); whether the service awards described in the Agreement should be approved; and whether the attorney's fees and costs sought by class counsel should be approved under Civil Rule 23(h).

8.        Seven calendar days prior to the final approval hearing, class counsel shall file all papers in support of the final approval of the settlement and the associated issues described in paragraph 6 above.

BY THE COURT:

_____
Hon. Mia R. Perez